IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEREMY MONTGOMERY | : | |
| | : | |
| v. | : | CIVIL NO. CCB-17-445 |
| | : | Criminal No. CCB-15-0468 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**<u>MEMORANDUM</u>**

Federal prison inmate Jeremy Montgomery has filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. The government has responded, and no evidentiary hearing is necessary. The motion will be denied for the reasons explained below.

Montgomery was indicted on multiple counts including a conspiracy to distribute crack cocaine (Count One) and possession of firearms in furtherance of a drug trafficking crime (Count Nineteen). On June 21, 2016, he pled guilty to Count Nineteen pursuant to Fed. R. Crim. P. 11(c)(1)(C), with both parties recommending a sentence of 12 years. At his request, the court proceeded to sentencing immediately after the Rule 11 hearing, and imposed the agreed-on sentence.

In his motion to vacate, Montgomery argues his counsel was ineffective for several reasons, none of which have merit. As the government's response and the attached transcript of the plea colloquy and sentencing demonstrate, Montgomery was well-represented by his experienced counsel, Andrew White. First, the record shows that Montgomery voluntarily admitted to the facts necessary to establish his guilt, including his commission of the Count One conspiracy involving 280 grams or more of cocaine base. Accordingly, his counsel had no basis to object to an offense level of 30. Second, had Montgomery not accepted the plea offer negotiated by Mr. White, but rather been convicted after trial, he faced a likely minimum of 15

1

years and could have received more. Third, the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), has no applicability to Montgomery's conviction or sentence, and counsel was not ineffective for failing to file a *Johnson* motion.

To succeed on his motion, Montgomery is required to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Montgomery has shown neither error by Mr. White nor any reasonable probability he would have gone to trial. Accordingly, the motion will be denied. There is no basis for a certificate of appealability.

A separate Order follows.

December 4, 2017                              /s/
Date                                    Catherine C. Blake
                                        United States District Judge