IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-15-468 |
| | * | |
| JEREMY MICHAEL MONTGOMERY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM

Jeremy Michael Montgomery is a thirty-two-year-old federal prisoner serving a 144-month sentence for possession of a firearm in furtherance of a drug trafficking offense. Now pending is Montgomery's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 347).[1] Montgomery seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. The government opposes the motion, (ECF 359), and Montgomery has replied, (ECF 361). For the reasons explained below, the motion will be denied.

## BACKGROUND

Montgomery was identified by the FBI as a member of a drug trafficking organization operating primarily in Baltimore City and Anne Arundel and Prince Georges Counties through intercepted telephone calls and surveillance conducted by the Safe Streets Task Force. (ECF 210, Plea Agreement, Statement of Facts). On August 13, 2015, law enforcement executed a search warrant on Montgomery's residence, and recovered two firearms, a .38 revolver and a 9mm pistol; over $ 100,000 in cash; drug paraphernalia; and at least one kilogram of cocaine and cocaine base. (*Id.*) As part of his plea, Montgomery admitted that within the trafficking organization, he was responsible for a crew that converted cocaine into cocaine base and distributed cocaine base in and around the Brooklyn and Glen Burnie areas of Maryland. (*Id.*). He and his associates distributed at least 280

---

[1] Through counsel, Montgomery filed a supplement to his pro se motion, (ECF 357).

1

grams of cocaine base to multiple customers. (*Id.*). On June 21, 2016, Montgomery pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), pursuant to Fed. R. Crim. P. 11(c)(1)(C). (ECF 210). Both parties recommended a sentence of 12 years; the court proceeded to sentencing immediately after the Rule 11 hearing, and imposed the agreed-upon sentence. (ECF 213, Judgment).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Montgomery, through counsel, submitted a request for compassionate release to the warden of FCI Gilmer, where he was then incarcerated, on October 19, 2020. (ECF 357-4). The government does not contest that Montgomery has properly exhausted his administrative remedies. Thus, the only issues are (1) whether "extraordinary and compelling reasons" warrant the reduction of Montgomery's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

**DISCUSSION**

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

Montgomery argues that he is at risk of developing serious illness related to COVID-19 because he is overweight (BMI of approximately 27.1, *see* ECF 359-4 ¶ 71), and has asthma and hypertension. Montgomery's medical records do not indicate the severity of his asthma, nor do they indicate hypertension as a current health condition. (ECF 357-3, Medical Records). While the court does not doubt that Montgomery's blood pressure, asthma, and weight impact his life, and the CDC's data collection shows that hypertension, *moderate-to-severe* asthma, and being overweight "can make you more likely to get severely ill from COVID-19," *see COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021), the scientific evidence supporting those conclusions for asthma and hypertension is, at this time, "mixed," *see COVID-19: Underlying*

3

*Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021), and Montgomery is relatively young (32 years old). And as for Montgomery's BMI, it is associated with some risk of severe illness from COVID-19, though it appears that the risk of illness is more highly associated with a BMI greater than Montgomery's, above 30. *See id.* Absent evidence of other underlying conditions that make Montgomery particularly vulnerable to COVID-19, the court does not believe Montgomery's current health status is grounds for compassionate release. *See, e.g.*, *United States v. Lara*, No. 14-CR-215-5-GPC, 2021 WL 1839985, at *4 (S.D. Cal. May 7, 2021) (defendant's overweight status alone was not an extraordinary and compelling reason for release).

Even if the court considered Montgomery's risk of severe illness from COVID-19 an extraordinary and compelling reason for release, the § 3553(a) factors do not weigh in favor of release. The court must consider Montgomery's history and characteristics and also ensure that the sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. *See* § 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A)–(B). Montgomery's conduct was very serious. In furtherance of his distribution of a significant amount of cocaine base and his heavy involvement with a drug trafficking organization, Montgomery was in possession of two firearms. And this was not Montgomery's first drug distribution offense; his record indicates a prior conviction for possession with intent to distribute cocaine. (ECF 359-4, Suppl. Report to BOP ¶ 34). Montgomery's record also includes prior convictions for second-degree assault and attempted robbery, and he was found to have violated his parole on both of those offenses. (*Id* ¶¶ 33, 35). Montgomery has served approximately 69 months, a little less than half of the 144-month sentence that the parties agreed was appropriate in this case. While the court acknowledges and appreciates that Montgomery appears to be doing well in programming at the BOP, considering his history and the circumstance of the offense, the court

finds that a reduction in sentence to time served would not provide adequate deterrence or reflect the seriousness of the offense.

## CONCLUSION

For the foregoing reasons, Montgomery's motion for compassionate release (ECF 347) will be denied. The associated motions to seal (ECFs 356, 358, 360) will be granted to protect the confidentiality of personal information. A separate Order follows.

  5/28/2021                                                   /S/
Date                                                        Catherine C. Blake
                                                            United States District Judge