IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.  CCB-15-0468 |
| JEREMY MICHAEL MONTGOMERY, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM

Jeremy Michael Montgomery is a federal prisoner serving a 144-month sentence for possession of a firearm in furtherance of a drug trafficking crime. (ECF 213). This followed a guilty plea under Rule 11(c)(1)(C) that included an agreed upon recommendation of 144 months, which the court accepted. Sentence was imposed on June 21, 2016. (ECF 209).

Mr. Montgomery filed a motion to vacate under 28 U.S.C. § 2255, which was docketed on February 16, 2017. (ECF 256). The government filed an opposition July 21, 2017, and the court denied the motion by Memorandum and Order on December 4, 2017. (ECF 295, 296). In 2019, the Fourth Circuit denied permission for a second or successive Section 2255 motion. (ECF 322). Mr. Montgomery also filed a motion for compassionate release, which the court denied in May 2021. (ECF 371).

In February 2022, Mr. Montgomery filed another motion to vacate under 28 U.S.C. § 2255 (ECF 387), relying on the expungement of one of his past criminal convictions. The government filed an opposition in June 2022. (ECF 492). Briefing on a motion for retroactive application of sentencing guidelines related to the disparity of crack versus powder cocaine (ECF 425) was completed in May 2024 (ECF 436, 439).

The court construes the motion (ECF 425) as a motion for compassionate release for extraordinary and compelling reasons due to sentencing disparity, and the court accepts for purposes of this case only the disparity between the sentences for crack and powder cocaine as such a reason. Considering the 18 U.S.C. § 3553(a) factors, the court notes that Mr. Montgomery has a serious criminal record and committed a serious offense. At this point, however, Mr. Montgomery has completed the great majority of his sentence, sufficient for deterrence; has demonstrated substantial efforts toward rehabilitation; and according to counsel, ECF 425-1, at 9, has remained infraction-free throughout his incarceration. The risk of recidivism appears low. The court finds that a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i) is warranted.

A separate Order follows.

Date:  October 8, 2024                                  /S/ CATHERINE C. BLAKE
                                                                               Catherine C. Blake
                                                                               United States District Judge